UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12218-GAO

LEXINGTON LUMINANCE LLC,
Plaintiff,

v.

GOOGLE, INC.,
Defendant.

ORDER
January 16, 2014

O'TOOLE, D.J.

This is a patent dispute involving light-emitting devices ("LEDs"). The plaintiff, Lexington Luminance LLC ("Lexington"), claims that the defendant, Google, Inc., infringes its U.S. Patent No. 6,936,851 ("the '851 Patent") entitled "Semiconductor Light-Emitting Device and Method for Manufacturing the Same." The Complaint identifies Google's Nexus 7 tablet as an infringing product, and at oral argument, the parties informed the Court that the Nexus 10 tablet has recently also been accused as an infringing product. Taiwanese LED manufacturer Formosa Epitaxy, Inc. ("Forepi") moves to intervene as a defendant on the basis that it supplies at least some of the LEDs in the Nexus 7. Forepi claims that it is entitled to intervene of right under Federal Rule of Civil Procedure 24(a), or alternatively, that the Court should permit it to intervene under Federal Rule of Civil Procedure 24(b).

Permissive intervention is appropriate where a proposed intervenor files a timely motion asserting that it has a claim or defense that shares a common question of law or fact with the main action, and where intervention will not unduly delay or prejudice the adjudication of the main claims. Fed. R. Civ. P. 24(b). Many district courts have allowed manufacturers and suppliers to intervene in actions where their products were the subject of the suit. See, e.g., Select Retrieval, LLC v. L.L. Bean,

Inc., 2013 WL 1099754 (D. Me. 2013); Honeywell Int'l Inc. v. Audiovox Commc'ns Corp., 2005 WL 2465898 (D. Del. 2005); Nikon Corp. v. ASM Lithography B.V., 222 F.R.D. 647 (N.D. Cal. 2004). In these cases, the accused products contained products manufactured or supplied by the party seeking intervention, and the proposed intervenor had agreed to indemnify the accused infringer or infringers. Such is the case here. Lexington accuses Google's Nexus 7 tablet of infringing the '851 Patent, and the sole accused component of the tablet is the LED manufactured by Forepi. Forepi has acknowledged that is obliged to indemnify and defend Google against infringement allegations directed to Forepi's LED.

The other requirements of permissive intervention have also been satisfied. Forepi's motion to intervene was timely filed, and Forepi's intervention will not cause undue delay or prejudice to either Lexington's or Google's rights, as this action is still in its early stages. Further, Forepi's intervention will not significantly complicate the case and burden Lexington's litigation efforts, since Forepi has already filed a declaratory judgment action against Lexington arising from the same patent. Formosa Epitaxy, Inc. v. Lexington Luminance LLC, Civil Action No. 13-11104 (filed May 5, 2013).

Upon consideration of all the present circumstances, I conclude that permissive intervention under Federal Rule of Civil Procedure 24(b) is appropriate. In light of the grant of permissive intervention under Rule 24(b), it is not necessary to address intervention as of right under Rule 24(a).

Accordingly, Forepi's Motion (dkt. no. 20) to Intervene is GRANTED.


It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge