IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEXINGTON LUMINANCE LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 1:12-cv-12218-GAO |
| | § | |
| GOOGLE, INC. | § | JURY DEMANDED |
| | § | |
| *Defendant*. | § | |
| | § | |

**LEXINGTON LUMINANCE LLC'S ANSWER
TO GOOGLE INC.'S COUNTERCLAIMS**

Plaintiff Lexington Luminance LLC ("Lexington" or "Plaintiff") files its Answer to the Counterclaims filed by Google Inc. ("Google" or "Defendant") and states as follows:

**THE PARTIES**

1. Lexington admits that Google purports to be a corporation organized and existing under the laws of Delaware having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043, as alleged in paragraph 1 of the Counterclaims.

2. Lexington admits that Lexington Luminance LLC is a limited liability company organized on July 11, 2012 under the laws of Massachusetts with its principal place of business at 468 Lowell Street, Lexington, Massachusetts 02420. Lexington denies any remaining allegations of paragraph 2.

**JURISDICTION AND VENUE**

3. Lexington does not contest personal jurisdiction in this District for the purpose of Google's Counterclaims in this action. Lexington denies any remaining allegations of paragraph 3.

4. Lexington admits that it sued Google in this action. Lexington does not contest personal jurisdiction in this District for the purpose of Google's Counterclaims in this action. Lexington denies any remaining allegations of paragraph 4.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '851 Patent)

5. Lexington incorporates by reference its response to paragraphs 1-4 above. Lexington denies any remaining allegations of paragraph 5.

6. Lexington admits that a justiciable controversy exists between Lexington and Google. Lexington denies any remaining allegations of paragraph 6.

7. Lexington denies the allegations in paragraph 7.

8. Lexington denies the allegations in paragraph 8.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '851 Patent)

9. Lexington incorporates by reference its response to paragraphs 1-8 above. Lexington denies any remaining allegations of paragraph 9.

10. Lexington admits that a justiciable controversy exists between Lexington and Google. Lexington denies any remaining allegations of paragraph 10.

11. Lexington denies the allegations in paragraph 11.

12. Lexington denies the allegations in paragraph 12.

## EXCEPTIONAL CASE

13. Lexington denies the allegations in paragraph 13.

## AFFIRMATIVE DEFENSES

Google's Counterclaims fail to state a claim upon which relief may be granted and, in particular, fail to state a claim on which there is a justiciable action for declaratory judgment because all of the matters asserted in Google's Counterclaims can and should be fully adjudicated on Lexington's claims against Google for infringement of the '851 patent.

Lexington has not knowingly or voluntarily waived any applicable affirmative defense and reserves the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during discovery and investigation.

## DEMAND FOR JURY TRIAL

Lexington hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Lexington denies all allegations contained in Google's Prayer for Relief, and further denies that any relief should be granted to Google, either as requested in its Counterclaims or otherwise.

## REPLY TO JURY DEMAND

Google's demand for a jury trial does not require a reply.

DATED: June 10, 2015 　　　　　　　　　　Respectfully submitted,

**LEXINGTON LUMINANCE LLC**,
By its attorneys,

/s/ *Robert D. Katz*
David S. Godkin  (BBO#196530)
Andrew A. Caffrey III (BBO #660481)
BIRNBAUM & GODKIN LLP
280 Summer Street
Boston, MA 02210
617-307-6100
godkin@birnbaumgodkin.com
caffrey@birnbaumgodkin.com

Robert D. Katz
KATZ PLLC
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
214-865-8000
rkatz@katzlawpllc.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

/s/ *Robert D. Katz*
Robert D. Katz